# EXHIBIT "A"

Electronically Filed
5/28/2021 11:38 AM
Steven D. Grierson
CLERK OF THE COURT



**COMP**
**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
Attorney for Plaintiff

CASE NO: A-21-835425-C
Department 22

## DISTRICT COURT

## CLARK COUNTY, NEVADA

EVANGELIA VASILAKOPOULOU, an individual,

Plaintiff,

vs.

WALMART, INC dba WAL-MART STORE #1560; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,

Defendant.

CASE NO. _____

DEPT. NO. _____

**COMPLAINT**

**COMES NOW** the Plaintiff, EVANGELIA VASILAKOPOULOU, by and through her counsel of record, RAMZY PAUL LADAH, ESQ., with the LADAH LAW FIRM, and for her claims of relief against the Defendant alleges, amends and complains as follows:

**JURISDICTION**

1. At all times relevant hereto, Plaintiff was and still is a resident of Clark County, State of Nevada.

2. At all times relevant hereto, Defendant WALMART INC., dba WAL-MART STORE #1560 a foreign corporation, doing business in the County of Clark, State of Nevada.

3. That at all times relevant herein, Defendants designated as DOES I through X and ROE BUSINESS ENTITIES I through X, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names; Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOES I through X and ROE BUSINESS ENTITIES I through X are responsible in some manner for the events and happenings referred to herein, and

1

caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES I through X and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such Defendants in this action.

## GENERAL ALLEGATIONS

4. Plaintiff repeats and realleges each and every fact and allegation contained in her Complaint and incorporates the same herein by reference as though fully set forth herein.

5. At all times relevant hereto, particularly on June 1, 2019, Defendant either owned, managed, controlled, or in some other way was in charge of the premises, located at 6005 S. Eastern Ave, Las Vegas, NV., County of Clark, State of Nevada (hereinafter "subject premises").

6. At all times relevant hereto, Defendant was the owner, operator, manager, controller, inspector, and supervisor of the subject premises and of the common areas of the said premises.

7. At all times relevant hereto, Plaintiff was an invitee and guest of Defendant and was legally upon its premises.

8. At all times relevant hereto, Plaintiff was a business invitee at the subject premises while ambulating upon the public area of the subject premises when Plaintiff came upon a liquid foreign substance causing her to slip and fall onto the ground resulting in serious injuries to upper and lower body. Plaintiff's injuries are a direct and proximate result of Defendants' negligence, including negligent construction, maintenance, inspection and/or repair of the subject premises.

9. At all times relevant hereto, Defendant and its employee(s) failed to erect the proper warning signs to indicate a dangerous and/or hazardous condition existed on the subject premises.

## FIRST CAUSE OF ACTION
(Negligence)

10. Plaintiff repeats and realleges each and every fact and allegation contained in her Complaint and incorporates the same herein by reference as though fully set forth herein.

11. At all times relevant hereto, Defendant was in control of the subject premises and had a duty to properly and safely maintain and inspect the subject premises for the care, safety and protection of those persons present on the subject premises, including Plaintiff.

2

12. At all times relevant hereto, Defendant negligently and recklessly maintained and inspected the subject premises by failing to inspect, maintain, and keep clear the main walkways of the subject premises, presenting a danger to unsuspecting patrons, including Plaintiff.

13. At all times relevant hereto, Defendants and/or its agents, employees and/or servants had actual or constructive notice of the dangerous condition and, therefore, it had full knowledge of, or should have had full knowledge of, the existence of a dangerous and/or hazardous condition on its premises and failed to remedy the dangerous condition, or otherwise, take action to make it safe or notify patrons of the dangerous presence of foreign liquid substances on the ground.

14. At all times relevant hereto, Defendant and/or its agents, employees and servants, breached the duty of care owed to Plaintiff by negligently maintaining and inspecting the subject premises and further failing to warn Plaintiff of the presence of foreign liquid substances within the walkways of the premises.

15. As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body, all of which have caused, and will continue to cause, the Plaintiff physical and mental pain and suffering.

16. As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

17. As a result of Defendant's aforesaid negligent actions and/or failures to act, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
(Negligent Hiring, Training, Supervision and Policies/Procedures)

18. Plaintiff repeats and realleges each and every fact and allegation contained in her Complaint and incorporates the same herein by reference as though fully set forth herein.

3

19. Defendant acted negligently, among other reasons in failing to do the following:

   i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendant;

   ii. Establish and implement property policies and procedures for proper maintenance, repair, inspection and/or upkeep of the subject premises;

   iii. Establish and implement property policies and procedures for warning patrons, or otherwise warning such patrons, of potentially dangerous conditions;

   iv. Properly, responsibly and prudently hire employees;

   v. Properly, responsibly and prudently investigate employees before hiring them;

   vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

   vii. Properly, responsibly and prudently train employees or instruct them as to their duties;

   viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

   ix. Properly, responsibly and prudently delegate maintenance responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

   x. Properly, responsibly and prudently set up mechanisms to ensure that all areas are reasonably kept in proper and safe conditions.

20. As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body, all of which have caused, and will continue to cause, the Plaintiff physical and mental pain and suffering.

21. As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

22. As a result of Defendant's aforesaid negligent actions and/or failures to act, it has

4



been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For general damages and loss in an amount in excess of fifteen thousand dollars ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For economic damages in an amount to be determined at time of trial;
4. For prejudgment interest, reasonable attorney's fees and costs; and
5. For such other and further relief as the Court may deem just and proper.

**DATED** this 28th day of May, 2021.

**LADAH LAW FIRM**

/s/ Ramzy Ladah, Esq.

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorney for Plaintiff